UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:14-cr-00058 |
| Plaintiff, | ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| JULIAN ANDERSON, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) ) | (Resolving Doc. 182) |

This matter is before the Court on the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 182) (the "Motion") filed by Defendant Julian Anderson ("Anderson"). The United States of America has not responded to the Motion.

For the reasons stated below, the Motion is DENIED.

**I.    BACKGROUND**

A federal grand jury charged Anderson with armed bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2113(a), (d), and 2 (Count One) and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). Doc. 11. Pursuant to a plea agreement, Anderson pled guilty to both counts. Doc. 30.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 46. The PSI indicated Anderson had a total offense level of 22 and a criminal history category of IV, therefore his advisory guideline range was 63–78 months for Count One and 84 months for Count Two, the weapon enhancement. Doc. 46 at p. 14, ¶ 69. After applying a reduction for acceptance of responsibility,

1

the Court ultimately sentenced Anderson to a term of 51 months' imprisonment as to Count One and 84 months' as to Count Two, to run consecutive. Doc. 74.

After Anderson's sentencing, the United States Sentencing Commission issued Amendment 821. It is undisputed that Anderson's criminal history points would be lower under the Amendment resulting in a reduced advisory guideline range of 33–41 months as to Count One. Anderson now seeks retroactive application of Amendment 821 to reduce his sentence for Count One to 41 months.

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant who has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) *quoting Dillon v. United States*, 560 U.S. 817, 826–27 (2010).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need

2

for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Anderson asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, his advisory range is lowered to 33–41 months for Count One, as opposed to the 41–51 months[1] used at the time of sentencing. Doc. 182 at 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Anderson's total criminal history points were seven (7). Doc. 46 at p. 11, ¶ 43. Five (5) of those points were the result of previous criminal convictions pursuant to U.S.S.G. §§ 4A1.1(b)–(c), (k). Doc. 46 at pp. 9–10, ¶¶ 38–40. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[2] because the underlying offenses were

---

[1] This range accounts for the reduction due to acceptance of responsibility, thus the difference between the range used at Sentencing and provided in the PSI.

[2] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment,

3

committed while Anderson was on probation for state charges. Doc. 46 at p. 11, ¶ 42. Anderson now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would not receive any additional criminal history points due to the offenses taking place while he was on probation, therefore his total criminal history points would be five (5) under the new calculation. The Court finds that Amendment 821 affects Anderson's criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Anderson's case. *See Jones*, 980 F.3d at 1107. This is first due to the nature of the offenses. *See* 18 U.S.C. § 3553(a)(1). Anderson, in conjunction with several accomplices, carried out an armed bank robbery, wherein he pointed a gun at several people, including bank employees and customers, and ultimately took almost $40,000. Doc. 46 at pp. 4–6, ¶¶ 1–16; Doc. 52 at p. 2. The offenses were of a very serious nature – the type that can incite fear in those affected long into the future. Second, Anderson's criminal history and the need to deter future criminal conduct play a role in the Court's consideration. *See* 18 U.S.C. §§ 3553(a)(1)-(2). Anderson has a lengthy criminal history. His first arrest occurred when he was only 13, when he was charged for aggravated menacing. Doc. 46 at p. 8, ¶ 34. Following more juvenile adjudications, Anderson continued his criminal conduct into his adult years when he faced charges for aggravated assault and attempted domestic violence. Doc. 46 at p. 9, ¶¶ 38–39. Anderson also faced a mandatory 84-month sentence for the weapon enhancement (Count Two) in this case, which he will serve consecutively upon completion of the sentence as to Count One. Doc. 74.

---

work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

Anderson's lengthy history of criminal conduct paired with his behavior during the underlying offenses in this case reflect that prison has failed to deter him from returning to violent crime. Given the facts and after consideration of the nature and circumstances of the offenses, Anderson's history, and the need for the sentence imposed to protect the public and offer adequate deterrence, the Court finds a reduction to Anderson's 51-month sentence as to Count One is not warranted.

### III. CONCLUSION

For the reasons stated above, the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 182) is DENIED.

Date: <u>March 21, 2024</u>    /s/ *John R. Adams*
                               JOHN R. ADAMS
                               UNITED STATES DISTRICT JUDGE